UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| MICHAEL ARROYO,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON LOGAN INTERNATIONAL AIRPORT and SPIRIT AIRLINES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 19-10534-MPK<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER AND REPORT AND RECOMMENDATION

April 8, 2019

Kelley, U.S.M.J.

For the reasons set forth below, the Court grants plaintiff's motion to proceed *in forma pauperis*, orders the Clerk's Office to reassign the case to a District Judge, and recommends that the District Judge dismiss this action for lack of subject matter jurisdiction.

I.  RELEVANT BACKGROUND

On March 20, 2019, plaintiff Michael Arroyo, a resident of Franklin, Massachusetts, filed a self-prepared complaint against Spirit Airlines and Boston Logan International Airport. See Complaint ("Compl."), Docket No. 1. This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

Plaintiff's complaint states that "[t]his is a criminal complaint on poor disrespectful treatment that [plaintiff] received as a respectable human on the property of Boston Logan International Airport and also on the commercial airplane flight property of Spirit Airlines." Compl. at p. 1. As best can be gleaned from the pleadings, on March 12, 2019, Arroyo boarded

a Spirit Airlines flight out of Boston, Massachusetts, bound for Orlando, Florida. *Id.* at p. 7. While waiting to board the flight, plaintiff alleges that he "was criminally paraded by criminal disrespectful public humans." Id. Plaintiff alleges that he was mistreated by TSA security and that employees of the airport were "silently criminally disrespectful to [plaintiff]." Id. at p. 2. For relief, plaintiff seeks "legal compensation for the nonsense that [plaintiff] was put through on their commercial property." *Id.*

By Procedural Order dated March 22, 2019, Arroyo was directed either to pay the filing fee or file a fee-waiver application. See Docket No. 3. Now before the Court are Arroyo's Motion for Leave to Proceed *in forma pauperis* and Application to Proceed in District Court without Prepaying Fees or Costs. See Docket Nos. 4-5.

II.     PROCEEDINGS IN FORMA PAUPERIS

Upon review of the plaintiff's motion to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. His application is therefore ALLOWED.

III.    STANDARD OF REVIEW

Federal courts have limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").

A plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

IV.     DISCUSSION

Here, the Court cannot discern a basis for subject-matter jurisdiction. Diversity subject-matter jurisdiction does not exist because the parties are not of "diverse citizenship." Federal question subject-matter jurisdiction is also absent because the complaint does not identify a federal right the defendants are alleged to have violated. To the extent plaintiff seeks to file a criminal complaint, he does not have standing to bring a criminal action because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir.1964) (per curiam). Under the United States Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted.

V.     ORDER FOR REASSIGNMENT

For the foregoing reasons, this Court orders the Clerk's Office to reassign this action to a District Judge for further proceedings.

VI.     RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

VII.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

                                              SO ORDERED.

                                              /s M. Page Kelley
                                              M. PAGE KELLEY
                                              United States Magistrate Judge